UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN RE INTERBANK FUNDING CORP. SECURITIES LITIGATION** | Civil Action No.  02-1490 (JDB) |

**MEMORANDUM OPINION**

This action is before the Court on a limited remand from the United States Court of Appeals for the District of Columbia Circuit with instructions to "enter a new order" that either (1) dismisses the claims against defendants CIBC World Markets Corp. ("CIBC") and Radin Glass & Co. ("Radin") without prejudice or (2) explains why dismissal of those claims should be with prejudice.  The remand was ordered in light of the requirements for dismissal with prejudice enunciated in Firestone v. Firestone, 76 F.3d 1205 (D.C. Cir. 1996), and the D.C. Circuit's holding in this case that the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4 et seq., "does not *mandate* dismissal with prejudice" when a plaintiff has failed to meet the statute's pleading requirements.  Belizan v. Hershon, 434 F.3d 579, 584 (D.C. Cir. 2006) (emphasis supplied).

On August 9, 2004, this Court dismissed some of the then-uncertified class-action claims of plaintiffs Monica Belizan and William Prather arising out of their investments in the Interbank Funding Corporation ("IBF").  Between 1997 and 2002, IBF and its subsidiaries issued debt securities in several investment funds totaling $195 million.  Plaintiffs claimed that the funds amounted to a Ponzi scheme:  proceeds from later fund offerings allegedly were used to make interest payments to earlier investors.  CIBC, a brokerage firm that sold some IBF securities, and

Radin, IBF's auditor, were named as defendants along with Simon Hershon, IBF's chief executive. Plaintiffs alleged that CIBC and Radin violated section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b-5, 17 C.F.R. § 240.10b-5, by willingly participating in the promulgation of misleading disclosures regarding the funds. Plaintiffs also contended that Radin's conduct violated section 11 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77k. A purported subclass of the plaintiffs asserted that CIBC violated sections 12(a)(1) and 12(a)(2) of the Securities Act, 15 U.S.C. § § 77l(a)(1) & (2).

This Court concluded that "none of these claims [could] proceed in the face of the demanding pleading standards applicable in securities cases," In re Interbank Funding Corp. Sec. Litig., 329 F. Supp. 2d 84, 86 (D.D.C. 2004) (hereinafter "Interbank"), and granted the motions to dismiss of CIBC and Radin, *with prejudice*, id. at 96.[1] The Court also found that defendants had not moved for leave to amend the complaint because "arguments in the alternative [made] during hearings on [motions to dismiss] ... do not amount to formal motions for leave to amend." Id. Plaintiffs promptly sought reconsideration of that order, asserting that they had in fact made a proper motion for leave to amend and that it was clear error for the Court to have dismissed the claims against CIBC and Radin with prejudice. The Court denied that motion on September 13, 2004, and plaintiffs appealed the orders dismissing their claims and denying their motion for reconsideration.

On appeal, plaintiffs did not challenge dismissal of their case for failure properly to plead

---

[1] Following dismissal of the claims against CIBC and Radin, the Court certified the class for settlement purposes and approved an agreement of settlement between the class and defendant Hershon under which the class received $4,500,000.

securities-fraud claims; instead, they merely rehearsed the arguments that they had made in support of the motion for reconsideration. The court of appeals held that this Court "correctly determined [that plaintiffs] never moved for leave" to amend their complaint under Rule 15(a) of the Federal Rules of Civil Procedure or Local Civil Rule 15.1. Belizan, 434 F.3d at 583. Absent such a motion, district courts have no obligation to invite amendments by plaintiffs who have failed to properly plead their claims. See Confederate Mem'l Ass'n v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993) ("As appellants did not properly request leave to amend the ... claim, it could hardly be an abuse of discretion for the District Court not to have afforded them such leave *sua sponte*."); see also Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) ("Denial of leave to amend and dismissal with prejudice are two separate concepts."). Nevertheless, the court of appeals vacated this Court's order of dismissal -- not because plaintiffs should have been granted leave to amend (there was no motion) and not because the pleadings were adequate (they were not),[2] but because the court of appeals was "uncertain why the district court dismissed with prejudice" and whether the rationale for doing so was based upon an erroneous belief that dismissal with prejudice (that is, without leave to re-file) was required by the PSLRA. Belizan, 434 F.3d at 583.[3] The court of appeals said:

---

[2] By limiting their appeal to the finding that there was no proper motion to amend and the decision to dismiss the claims with prejudice, plaintiffs conceded that their complaint was inadequate. See Belizan, 434 F.3d at 581 ("Belizan does not take issue with the district court's determination that she failed properly to plead her various claims under the '33 and '34 Acts.").

[3] In previously concluding that plaintiffs had not properly sought leave to amend the complaint and that the claims against CIBC and Radin would be dismissed with prejudice, this Court observed that, even if there had been a proper motion for leave to amend, "the words and legislative goals of the PSLRA would seem to counsel restraint in granting leave to amend." Interbank, 329 F. Supp. 2d at 96. The D.C. Circuit directed this Court on remand to assess the issue of prejudice in the dismissal order unrestrained by the language or purpose of the PSLRA.

> The standard for dismissing a complaint with prejudice is high: "dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Firestone, 76 F.3d at 1209. Therefore, a complaint that omits certain essential facts and thus fails to state a claim warrants dismissal pursuant to Rule 12(b)(6) but not dismissal with prejudice.

Id. (internal parenthetical omitted). It further concluded that the provision of the PSLRA that authorizes dismissal of claims that fail to meet the statute's heightened pleading requirements, 15 U.S.C. § 78u-4(b)(3)(A), "does nothing to change the ordinary consequences of a 'failure to meet pleading requirements.'" Id. at 583-84.

The "ordinary consequences" of an order that involuntarily dismisses a claim -- including those that are based on a plaintiff's failure to meet pleading requirements -- are dictated by Rule 41(b) of the Federal Rules of Civil Procedure, which provides that, "[u]nless the court in its order for dismissal otherwise specifies, ... any dismissal ... other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits." See Fed. R. Civ. P. 41(b). Because an "'adjudication on the merits' is the opposite of a 'dismissal without prejudice,'" Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001), any order of involuntary dismissal that does not fall within one of the Rule 41(b) exceptions is presumptively a dismissal *with prejudice*. The Supreme Court, however, has interpreted the Rule 41(b) exceptions expansively, such that they encompass any dismissal that is "based on a plaintiff's failure to comply with a precondition requisite to the Court's going forward to determine the merits of the substantive claim." Costello v. United States, 365 U.S. 265, 285 (1961). Dismissals on that basis (which may include some dismissals for "failure to meet pleading requirements") are presumptively *not* "on the merits" and thus are

without prejudice.[4]

The court of appeals did not address Rule 41(b) in its opinion in this case, perhaps because it considers the Firestone analysis to be mandatory regardless of the default consequence of dismissal as provided in the Federal Rules (at least in situations where a plaintiff seeks to revive a dismissed claim). Given the precision of the D.C. Circuit's remand, this Court need not determine whether the "new order" dismissing the claims against CIBC and Radin for failure to satisfy the pleading requirements of the PSLRA would presumptively be "on the merits" (and thus with prejudice) under Rule 41(b) if the Court did not otherwise specify, because the court of

---

[4] Pleading defects come in many varieties. Some involve technical deficiencies or omissions that readily can be cured or supplied by amendment, such as a failure to name the proper party as a defendant. See, e.g., Jarrell v. United States Postal Serv., 753 F.2d 1088, 1091 (D.C. Cir. 1985) ("It is clear that appellant can cure the deficiency in the complaint simply by naming the Postmaster General as the party defendant."). Others may require the plaintiff to take some action as a curative measure before amending the complaint -- for example, where the plaintiff has failed to exhaust administrative remedies prior to bringing suit. See, e.g., Turner v. United States, No. 05-CV-1716, 2006 WL 1071852, at *4 (D.D.C. Apr. 24, 2006). When a court finds pleading deficiencies such as these, dismissal under Rule 12(b)(6) -- for failure to state a claim upon which relief may be granted -- is appropriate. Such dismissals, however, would appear to fall within the scope of Costello's definition of dismissals that are not presumptively "on the merits" and therefore are *without prejudice* unless the court otherwise specifies. Other dismissals based on pleading defects, however, clearly involve determinations by the court about the merits of a claim and will, unless the court otherwise specifies, result in dismissal under Rule 12(b)(6) *with prejudice*, pursuant to Rule 41(b). See, e.g., Browning v. Clinton, 292 F.3d 235, 250 (D.C. Cir. 2002) (affirming the dismissal with prejudice of claims where the facts set out in the complaint did not support one or more necessary elements of the stated causes of action); see also Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"). Still other pleading defects may be treated as violations of the requirements of Rule 8 or Rule 9, which may warrant dismissal under Rule 41(b) for "failure of the plaintiff ... to comply with these rules," and which under the terms of Rule 41(b) presumptively are adjudications "on the merits," and thus *with prejudice*. But see Firestone, 76 F.3d at 1209 ("Failure to plead fraud with particularity [as required by Rule 9(b)] ... does not support a dismissal with prejudice.").

appeals has instructed this Court to specify the operative effect of the order.[5]

The specific questions that the court of appeals has directed this Court to answer are whether the new order, issued herewith, dismissing the claims against CIBC and Radin, should be with prejudice and, if so, why. Consistent with the earlier rulings on the motions to dismiss and plaintiffs' motion for reconsideration, the Court concludes that the claims are dismissed with prejudice because, based on the record before the Court at the time of dismissal, there was no indication that plaintiffs were capable of making additional allegations, consistent with their prior pleadings, that would cure the deficiencies in the claims against CIBC and Radin.

This conclusion is confirmed by the draft complaint that plaintiffs attached as an exhibit to their motion for reconsideration and that they indicated they would have filed had the Court reconsidered the dismissal with prejudice. In making that motion, plaintiffs never seriously contended that they would be able to cure the deficiencies identified by the Court. Indeed, the memorandum accompanying plaintiffs' motion for reconsideration did not even attempt to explain how the draft complaint would do so. Nor did the memorandum contend that plaintiffs could not reasonably have proposed the revisions prior to the Court's ruling on the motions to dismiss. Instead, before this Court plaintiffs continued to insist that their earlier effort was satisfactory (although they later abandoned that argument on appeal). See Pls.' Mem. in Supp. of Mot. for Reconsideration at 3-5 (referring repeatedly to the "purported" deficiencies or

---

[5] The standard for making the determination about the default operative effect of dismissal, pursuant to Costello, is to consider whether the defendant in seeking dismissal had to "incur the inconvenience of preparing to meet the merits because there [was] no initial bar to the Court's reaching them," 365 U.S. at 286; if the defendant did, then a dismissal order would operate as an adjudication on the merits, unless the Court otherwise specified. In this case, there is little question that CIBC and Radin did, in seeking dismissal, have to prepare "to meet the merits" of plaintiffs' claims.

inadequacies of the dismissed claims against CIBC and Radin). And, as the Court explained when it denied the motion for reconsideration, plaintiffs' post-dismissal effort suffered from many of the same failings that proved fatal to the earlier statement of their claims.

For example, plaintiffs continued to fall well short of the PSLRA's requirement that, for any claim brought under section 10(b) of the Exchange Act, the complaint must "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and ... all facts on which [any allegation made on 'information and belief'] is formed." See 15 U.S.C. § 78u-4(b)(1)(B).[6] In the entire forty-seven page draft amended complaint, there are only two specific statements that are attributed to either CIBC or Radin. The draft complaint alleges that CIBC

> informed potential and actual purchasers of IBF securities, including Plaintiff Prather, that prior to commencing with the sale of IBF securities, [it] had conducted extensive investigations into the business, operations, business strategy, prospects, financial condition, and accounting and management control systems of IBF.

Pls.' Mot. for Reconsideration, Ex. A. at ¶ 112. It further alleges that Radin stated that

> We conduct our audits in accordance with generally accepted auditing standards. Those standards require that we plan and perform our audit to obtain reasonable assurance about whether the financial statements are free of material misstatements. ... In our opinion, the financial statements referred to above present fairly, in all material respects, the financial position of IBF Special Purpose Corporation VII as of December 31, 1999 and the results of its operations and its cash flows for the period May 10, 1999 (inception) to December 31, 1999 in conformity with the generally accepted accounting principles.

Id. at ¶ 73. But, even assuming that plaintiffs could meet the requirements of section 78u-4(b)(1)(B) with respect to those two statements, the draft complaint still failed to "state with

---

[6] Of course, if a securities-fraud plaintiff cannot identify at the outset of the litigation the specific misleading statements upon which he contends he reasonably relied, he may be foreclosed from ever doing so because the subsequent discovery of specific misleading statements could not satisfy the reliance requirement. A person certainly cannot claim to have relied upon a statement of which he was unaware.

particularity facts giving rise to a strong inference that the defendant acted with the required state of mind" when it made the statements. See 15 U.S.C. § 78u-4(b)(2). As the Court's earlier opinion stated, bare inferences that CIBC and Radin "must have known" the true nature of IBF's financial practices and yet did not reveal them are insufficient to give rise to a strong inference of fraudulent intent on the part of either company. Interbank, 392 F. Supp. 2d at 92 ("It is well established, however, that a pleading of scienter may not rest on a bare inference that a defendant 'must have had knowledge of the facts.'") (quoting In re Advanta Corp. Sec. Litig, 180 F.3d 525, 539 (3d Cir. 1999)) (internal quotations omitted). That determination was not challenged on appeal. Furthermore, the draft complaint in no way cured the infirmities that doomed the claims against CIBC and Radin under sections 11 or 12 of the Securities Act.

     The negligible variation between the two versions of the complaint demonstrates that plaintiffs had already alleged all the relevant facts of which they had knowledge. The Court determined that those facts, even if true, were legally insufficient to support the claims against CIBC and Radin. Plaintiffs did not merely fail to comply with some technical procedural requirement; rather, they failed to come forward with allegations sufficient to sustain the claims against either of these two defendants in the face of a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c). Had plaintiffs' failure to meet the pleading requirements been the result of ignorance about the PSLRA's standards, and had plaintiffs represented that they were capable of making more detailed allegations, perhaps dismissal with leave to re-plead would have been warranted. But, as it was, plaintiffs could not possibly have alleged other facts consistent with the challenged complaint sufficient to make out a proper cause of action against CIBC or Radin. See Jarrell, 753 F.2d at 1091. Dismissal

without prejudice would only have resulted in a futile effort by plaintiffs to re-litigate the same issues determined against them by this Court and not challenged on appeal.[7]

Because the Court has concluded that dismissal of the claims against CIBC and Radin was properly with prejudice under the Firestone standard, plaintiffs' post-remand motion for leave to amend the complaint will be denied as moot. In any event, nothing in the D.C. Circuit's opinion suggests that it would be proper for this Court to entertain such a motion on remand. See Cardenas v. Smith, 733 F.2d 909, 914 (D.C. Cir. 1984) (noting that an "appellate court can remand with directions to allow the appellant to amend pleadings"). Indeed, the denial of amendment of the complaint has now been affirmed. This Court does not view its task on the narrow remand as extending beyond the specific direction of the court of appeals "to enter a new order either dismissing without prejudice or explaining its dismissal with prejudice." Belizan, 434 F.3d at 584.

For the foregoing reasons, the Court will enter an order dismissing the claims against CIBC and Radin with prejudice. A separate order has been issued on this date.

>     /s/ John D. Bates
>     JOHN D. BATES
>     United States District Judge

Dated:   May 26, 2006

---

[7] The claims that were dismissed were contained in a consolidated amended complaint that already reflected several prior revisions.

Copies to:

Adam T. Savett
MEHRI & SKALET, PLLC
1300 19th Street, NW, Suite 400
Washington, DC  20036
Email: asavett@findjustice.com

Donald J. Enright
Tracy D. Rezvani
FINKELSTEIN THOMPSON & LOUGHRAN
1050 30th Street, NW
Washington, DC  20007
Email: dje@ftllaw.com
Email: tdr@ftllaw.com

> *Counsel for plaintiffs*


Dan L. Goldwasser
VEDDER, PRICE, KAUFMAN & KAMMHOLZ, P.C.
805 Third Avenue
New York, NY  10022-2203

Michael L. Martinez
Theodore Sonde
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC  20004-2595
Email: mmartinez@crowell.com
Email: tsonde@crowell.com

> *Counsel for defendant Radin Glass & Co.*


Adam Seth Fels
Julia M. MacLaren
DeMaurice Fitzgerald Smith
LATHAM & WATKINS
555 Eleventh Street, NW, Suite 1000
Washington, DC  20004
Email: adam.fels@lw.com
Email: julia.maclaren@lw.com
Email: demaurice.smith@lw.com

David M. Brodsky
Jeff G. Hammel
LATHAM & WATKINS, LLP
885 Third Avenue, Suite 1000
New York, NY  10022
Email: jeff.hammel@lw.com

Samuel O. Patmore
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
150 West Flagler Street
Miami, FL  33130
Email: spatmore@swmwas.com

*Counsel for defendant CIBC World Markets Corp.*